**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER SERAFIN, | No. 20-35147 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00192-YY |
| v. | |
| WILLIAM C. EARHART COMPANY INC.; CASCADE GENERAL, INC.; LABORER'S LOCAL UNION 296; OREGON LABORERS'-EMPLOYERS PENSION PLAN TRUST, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding**

Submitted July 12, 2022***

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Christopher Serafin appeals pro se from the district court's judgment dismissing as time-barred his action alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's decision whether to apply equitable tolling or equitable estoppel. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion in determining that equitable tolling and equitable estoppel did not apply to the applicable statutes of limitations barring Serafin's action. *See Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021) ("[E]quitable tolling applies only if a litigant (1) has been diligently pursuing his rights, and (2) failed to timely file because some extraordinary circumstance stood in his way." (citation and internal quotation marks omitted)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) ("[E]quitable estoppel doctrine requires showing of fraudulent concealment or conduct above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the briefing on appeal, or arguments and allegations raised for the first time on appeal. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not

manufacture arguments for an appellant, and a bare assertion does not preserve a claim."); *see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**